UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

AMERICAN HEAT INDUSTRIES, INC.,
a Florida corporation,                                    JUDGE: ALAN S. GOLD

       Plaintiff,                                    MAGISTRATE JUDGE: CHRIS M. MCALILEY

v.

NIAGARA INDUSTRIES, INC.,
a Florida corporation, and
LUIS BOLIVAR, an individual,

       Defendants.
_____/

## PLAINTIFF'S (UNOPPOSED) MOTION TO DROP A PARTY, PURSUANT TO RULE 21, FED. R. CIV. P., AND INCORPORATED MEMORANDUM OF LAW

      Plaintiff, American Heat Industries, Inc., a Florida corporation (hereinafter referred to as "American Heat" and/or the "Plaintiff"), by and through its undersigned counsel, and pursuant to the provisions of Rule 21, Fed. R. Civ. P., and Local General Rule 7.1 A, United States District Court for the Southern District of Florida, hereby files this, its Motion to Drop a Party, together with its Incorporated Memorandum of Law, and respectfully hereby requests the entry of an Order dropping the individual Defendant, Luis Bolivar, as a party to this action.  In support of the instant Motion, Plaintiff would state as follows:

      1.     This Federal Legal action was filed on or about July 2, 2008.

      2.     Defendants recently timely filed their Answer and Affirmative Defenses herein on August 12, 2008.

      3.     This case is not set for trial.

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

4.      Counsel for the Defendant now has brought to the attention of counsel for Plaintiff that it appears, from a certain United States Patent and Trademark Office ("USPTO") document, that the individual Defendant herein, Mr. Luis Bolivar, the original Inventor, purportedly assigned his rights in the underlying Patent Application (which later matured into U.S. Letters Patent No. 5,408,578 [the "'578 Patent"], said assignment of patent rights said to have been executed on or about January 11, 1993, and recorded on or about January 25, 1993, well prior to the issuance of the '578 patent.

5.      In preparing its initial pleading herein, Plaintiff, in good faith, had relied on other USPTO documents which did _not_ reflect any such assignment from Mr. Bolivar (the assignor) to Niagara (the assignee).

6.      The '578 Patent later issued on April 18, 1995, and subsequently _expired_ on April 18, 1999.

7.      Mr. Luis Bolivar was included as a party-Defendant in this action in view of his apparent status as the Inventor and Owner of the '578 Patent (now expired).

8.      Counsel for the Defendants, Albert Bordas, Esquire, further has represented to Plaintiff's counsel that, although a copy of the purported assignment has _not_ been found, the representatives of the corporate  Defendant, Niagara, do not deny that Niagara Industries, Inc., became the owner (by assignment) of the '578 Patent (now expired).

9.     Predicated essentially on this information and the one (1) page USPTO document, which only recently has come to light, when Defendants' counsel, it now would appear appropriate for Plaintiff to drop Mr. Bolivar as a party-Defendant in this action.

10.     In view of the circumstances just stated, Plaintiff hereby moves, under Rule 21, Fed. R. Civ. P., to drop Mr. Luis Bolivar, as an individual, party-Defendant herein.

11.     To that end, Rule 21, Fed. R. Civ. P., provides, in relevant part, as follows:

**"Rule 21. Misjoinder and Nonjoinder of Parties.  Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party."**

12.     This is the appropriate remedy to deal with a party that is improperly joined.  *See, e.g., Sabolsky, et al. v. Budzanoski, et al.*, 457 F. 2d 1245, 1249 (3d Cir. 1972), *cert den.*, 93 S.Ct. 65, 409 U.S. 853, 34 L. F.2d 96 (1972); and *Celanese Corp. v. Vandalia Warehouse Corp.*, 424 F. 2d 1176, 1179 (7th Cir. 1970).

13.     The text of Rule 21 makes it crystal-clear that a misjoinder of parties is <u>not</u> a ground for dismissal of the action. *Sabolsky, supra*; *see also Olan Mills, Inc. of Tenn. v. Enterprise Pub. Co., et al.*, 210 F.2d 895, 896 (5th Cir. 1954); *Weaver v. Mark*, 112 F.2d 917, 919 (6th Cir. 1940); *Steward v. Air Tran Airways, Inc.*, 221 F. Supp. 1307, 1316 (S.D.Fla. 2002), *affirmed,* 351 F.3d 1338 (11th Cir. 2003).

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

14.     To illustrate, in the case of *Androphy v. Smith & Nephew, Inc.,* 31 F.Supp.2d 620 (N.D. Ill. 1998), in the context of a patent infringement action, the misjoinder of two defendants was held not to be grounds for dismissal; rather, the claims against the misjoined defendants were to be severed and proceeded with separately.  31 F. Supp. 2d at 623.

15.     It has been said that an order permitting the addition or dropping of a party under Rule 21 is sufficient and that no amended complaint need be filed.  *See, e.g., Gonzalez v. Fireman's Fund Ins. Co.*, 385 F.Supp. 140 (D.P.R. 1974).

16.     The granting of this Motion will not prejudice any party.

17.     This Motion has not been submitted to cause delay, or for any other improper purpose.

18.     Defendants' counsel has indicated he will not oppose the instant Motion.

19.     A proposed Order has been submitted to the Court contemporaneously herewith.

**WHEREFORE,** the Plaintiff, American Heat Industries, Inc., for the reasons hereinabove stated, hereby respectfully requests that this Court issue an Order granting the Plaintiff's Motion to Drop Luis Bolivar, an individual, as a party-Defendant herein, together with such other, further and different relief as to this Court may seem just, equitable, and proper.

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

Respectfully submitted on this 14th day of August, 2008.

                    /s/ Ira Cohen
                Ira Cohen, Esq.
                Fla. Bar No.: 0359882
                Silver, Garvett & Henkel, P.A.
                18001 Old Cutler Road, Suite 600
                Miami, FL 33157
                Tel.: (305) 377-8802
                Fax: (305) 377-8804
                E-mail: ic@sghpa.com
                *Attorneys for Plaintiff,*
                *American Heat Industries, Inc.,*
                *a Florida corporation*

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

## CERTIFICATION UNDER LOCAL GENERAL RULE 7.1.A.3, U.S.D.C., S.D. OF FLA. (MIAMI DIVISION)

The undersigned Attorney hereby certifies that the undersigned counsel for the movant has conferred with counsel for all parties who may be affected by the relief sought in the foregoing Motion in a good faith effort to resolve the issues raised in the Motion and that Defendants' counsel has indicated that he will not oppose the relief sought by Plaintiff herein.

_/s/ Ira Cohen_
Ira Cohen, Esq.
Fla. Bar No.: 0359882
Silver, Garvett & Henkel, P.A.
18001 Old Cutler Road, Suite 600
Miami, FL 33157
Tel.: (305) 377-8802
Fax: (305) 377-8804
E-mail: ic@sghpa.com
_Attorneys for Plaintiff,_
_American Heat Industries, Inc.,_
_a Florida corporation_

CASE NO.: 08-21889-CIV-GOLD/MCALILEY

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2008, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.  I also certify that a copy of the foregoing will be served on all counsel of record either via Notice of Electronic Filing transmission generated by the CM/ECF system of in some other manner authorized by the Federal Rules of Civil Procedure for counsel or parties not authorized to receive Notices of Electronic Filing from this Court.

_____/s/ Ira Cohen_____
Ira Cohen, Esq.
Fla. Bar No.: 0359882
Silver, Garvett & Henkel, P.A.
18001 Old Cutler Road, Suite 600
Miami, FL 33157
Tel.: (305) 377-8802
Fax: (305) 377-8804
E-mail: ic@sghpa.com
*Attorneys for Plaintiff,*
*American Heat Industries, Inc.,*
*a Florida corporation*

Page 7